Coronado v. Garland

BIA
Thompson, IJ
A205 709 724

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> *Circuit Judges.*

_____

RENE SANDOVAL CORONADO,
> *Petitioner*,

v.                                                          18-3718
                                                            NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:               Gary J. Yerman, New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted for Attorney General William P. Barr.

**FOR RESPONDENT:**      Brian M. Boynton, Acting Assistant
Attorney General; Brianne Whelan
Cohen, Senior Litigation Counsel;
Lindsay Corliss, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rene Sandoval Coronado, a native and citizen of Guatemala, seeks review of a November 15, 2018, decision of the BIA affirming an October 16, 2017, decision of an Immigration Judge ("IJ") denying Coronado's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rene Sandoval Coronado,* No. A 205 709 724 (B.I.A. Nov. 15, 2018), *aff'g* No. A 205 709 724 (Immig. Ct. N.Y. City Oct. 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Y.C. v.*

2

*Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (reviewing factual findings for substantial evidence and questions of law and the application of law to undisputed facts de novo).

To establish asylum eligibility, an applicant must show that he has suffered past persecution, or has a well-founded fear of future persecution, "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Absent a finding of past persecution, an applicant may establish asylum eligibility based on a fear of future persecution, but the applicant must show that "he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Although a fear may be objectively reasonable "even if there is only a slight, though discernible, chance of persecution," *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000), a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best," *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that

3

he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii).

Coronado became an evangelical Christian in the United States and thus had the burden to show that he had a credible fear of persecution as an evangelical Christian who could be viewed as interfering with gang activity in Guatemala, and that his fear was objectively reasonable. *See Jian Xing Huang,* 421 F.3d at 129; *Ramsameachire,* 357 F.3d at 178. The agency did not err in concluding that Coronado failed to meet his burden. His daughters—also evangelical Christians—lived unharmed in Guatemala, and missionaries from his church in the United States had been robbed, but not persecuted, and it was unknown if they were targeted because of their work. While Coronado submitted one article discussing the targeting of Christians—particularly those who were seen as challenging the gang's authority or promoting an anti-gang message—the article did not document any specific instances of persecution or their frequency as needed to establish a pattern or practice of persecution. *In re A-M-,* 23 I. & N.

4

Dec. 737, 741 (B.I.A. 2005) (requiring a showing of "systemic or pervasive" persecution); *see also Mufied v. Mukasey,* 508 F.3d 88, 92–93 (2d Cir. 2007) (recognizing as reasonable the "systemic, pervasive, or organized" standard for finding a pattern or practice of persecution).

Because Coronado failed to establish the objectively reasonable fear of future persecution required for asylum, he "necessarily" failed to meet the higher burden for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5